thereupon became final. In 1968, the appellants filed an action for declaratory relief in the United States Court for the District of Arizona. The essential purpose of that suit was to invalidate the Texas judgment. The District Court dismissed the complaint, and this appeal followed.

We have concluded that the District Court's judgment was correct. It was based upon the court's conclusion that the Texas judgment was *res judicata* on the critical issues presented and was entitled to full faith and credit in its effect upon those who were parties to the action. We are convinced that the District Court properly applied the controlling principles, and, accordingly, the judgment is

Affirmed.[1]

Janet Skaare Morris, Atty., N.L.R.B., Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet Prevost, Asst. Gen. Counsel, Leonard M. Wagman, Atty., N.L.R.B., Washington, D.C., on brief.

Ronald R. Pentecost and Robert W. Stocker, II, Lansing, Mich., for respondent; Fraser, Trebilcock, Davis & Foster, Lansing, Mich., on brief.

Before EDWARDS, CELEBREZZE and BROOKS, Circuit Judges.

### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### PROVINCIAL HOUSE, INC., Respondent.

### No. 20988.

United States Court of Appeals,
Sixth Circuit.

June 30, 1971.

### ORDER

The National Labor Relations Board seeks enforcement of its order against the respondent, Provincial House, Inc. The Board's decision and order are reported at 182 N.L.R.B. No. 45. The single issue involved is whether the Board correctly found that the Company had violated Section 8(a) (5) of the Act by its admitted refusal to bargain with the

---

1. The appellants' intestate died on July 21, 1966, approximately five years after the accident. The appellants urge that the Texas judgment should not be given effect insofar as it might apply to an Arizona wrongful death action which followed the intestate's demise. Its argument in this respect is based upon the fact that one of the intestate's heirs was not a party to the Texas suit. This argument is hypertechnical. A wrongful

death action is indivisible, and the Texas judgment was based, essentially, upon factual determinations that could not have been altered even had the other heir been a party in the Texas suit. Moreover, he has never asserted any rights as a result of the accident, and he would now be barred from doing so by both the Texas and Arizona statutes of limitations.

duly certified representative of the non-professional employees of its nursing home in Hastings, Michigan. The Company based its refusal to bargain on the grounds that the certification of the Union in the underlying representation proceeding was invalid.

We have considered the record, the briefs and oral arguments of counsel, and conclude that the Board properly found that the admitted refusal of the Company to bargain with the Union was a violation of the Act and that the order of the Board should be enforced.

It is so ordered.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The final order of the district court is reversed and the case is remanded with directions to vacate the judgment of conviction and sentence of the appellant for violation of 26 U.S.C. § 4744(a). Harrington v. United States, 5th Cir. 1971, 444 F.2d 1190. The mandate of this Court will issue forthwith.

Reversed and remanded, with directions.

**John T. STEVENS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 29833

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 14, 1971.

Sam Monk Zelden, New Orleans, La., for petitioner-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dwight DANIEL, Defendant-Appellant.**

No. 71–1326

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 9, 1971.

Roger R. Auman, Trenton, Ga. (court-appointed), for defendant-appellant.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970).